■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELSO PENA, Appellant. [63 NYS3d 239]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered November 24, 2015, as amended March 16, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, including its evaluation of inconsistencies in testimony. The police had reasonable suspicion justifying the stop of the car defendant was driving, based on the car's occupants' multiple attempts to use credit cards at a variety of locations within a short period of time, several of which were unsuccessful.

The police also had probable cause for defendant's arrest. Defendant does not dispute that the police had probable cause to arrest his codefendants, but claims that they lacked probable cause to arrest him. Contrary to defendant's contention, the totality of the circumstances would lead a reasonable person to conclude that he knowingly participated in the forged credit card scheme (*see e.g. People v Petithomme*, 131 AD3d 877 [1st Dept 2015], *lv denied* 27 NY3d 1004 [2016]). Defendant drove his codefendants around for over an hour, making multiple stops so they could attempt transactions with the forged credit cards, and accompanied them during one of these transactions. "In order to establish probable cause, the People were not required to prove accessorial liability under Penal Law § 20.00 beyond a reasonable doubt" (*id.* at 878). Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.